UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION DIVISION

IN RE:                                              CASE NO. 16-13870
                                                    CHAPTER 13
STACEY E. GOINS

                                                    JUDGE JEFFERY P. HOPKINS

    DEBTOR                                          **NOTICE OF FINAL CURE PAYMENT**


Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Margaret A. Burks files this Notice of Final Cure Payment. The amount listed below has been paid in part by the Trustee. Pursuant to Agreed Order Resolving Trustee's Partial Objection to Mortgage Arrearage Claim on 3/2/2017 (doc. 30), court claim #8 shall be allowed in the amount of $2,776.04, and $395.33 shall be disallowed as the Trustee has already disbursed through the ongoing mortgage.

**Name of Creditor:** SN SERVICING CORPORATION


**Final Cure Amount**

| Court Claim # | Account Number | Claim Asserted | Claim Allowed | Amount Paid |
|---|---|---|---|---|
| 8 | 7948 | $3,171.37 | $2,776.04 | $2,776.04 |
| Total Amount Paid by Trustee | | | | $2,776.04 |


**Monthly Ongoing Mortgage Payment**

Mortgage is Paid:

**X**  Through the Chapter 13 Conduit            **__**  Direct by the Debtor


Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the Debtor, Debtor's Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating 1) whether it agrees that the Debtor has paid the amount as stated above; and 2) whether the Debtor is otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f). Failure to notify may result in sanctions.

See attached Memorandum detailing post-petition payments if case is a Conduit.

CASE NO. 16-13870

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Final Cure Payment was served **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and

by **first class mail** on April 08, 2022 addressed to:

STACEY E. GOINS, 4053 ST. WILLIAMS AVENUE, CINCINNATI, OH  45205


SN SERVICING CORPORATION, 323 5TH STREET, EUREKA, CA  95501

/s/ MARGARET A BURKS, TRUSTEE
MARGARET A BURKS, TRUSTEE
CHAPTER 13 TRUSTEE
600 VINE, SUITE 2200
CINCINNATI, OH 45202

**CHAPTER 13 TRUSTEE'S MEMORANDUM REGARDING NOTICE OF FINAL CURE**

In addition to paying the pre-petition mortgage arrearage claim(s) totaling $2,776.04 to SN Servicing Corporation, the Trustee also paid post-petition payments as follows:

$569.80 for the months of OCTOBER 2016-OCTOBER  2017 subtotaling $7,407.40;

$624.47 for the months of NOVEMBER 2017 - OCTOBER 2018 subtotaling $7,493.64;

$578.03 for the months of NOVEMBER 2018 - MAY 2019 subtotaling $4,046.21;

$527.24 for the months of JUNE 2019 - NOVEMBER 2019 subtotaling $3,163.44;

$585.00 for the months of DECEMBER 2019 - NOVEMBER 2020 subtotaling $7,020.00;

$575.65 for the months of DECEMBER 2021 - MARCH 2022 subtotaling $2,302.60.

Debtor(s) must resume the regular mortgage payment beginning with the April 2022 mortgage payment.